```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

NEDO POPICH, ET AL                        CIVIL ACTION

VERSUS                                    NO: 06-5102 C/W
                                          07-75

SHELL PIPELINE COMPANY, LP                SECTION: J
```

**ORDER AND REASONS**

Before the Court are Claimants Titan Fisheries, Inc., Titan Fisheries, LLC, Nicola Vekic, Ante Lepetich, Mato Lepetich, Braco Madjor, Eglica Madjor, Stanko Glamuzina, Mato Bjelis, and Dragutin Popich ("Claimants") in this limitation of liability action who move this Court to issue an order lifting the stay of proceedings in order to allow Claimants to continue to pursue their Louisiana state court actions and administratively stay the instant limitation of liability suit.

This motion, which was opposed, was set for hearing on September 19, 2007 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that this motion should be granted.

**Background Facts**

During the time period after Hurricane Katrina on August 29, 2005, and thereafter, Claimants had and/or continue to have proprietary interests in and/or are owners of and/or the successors of certain state water bottoms for oyster bedding purposes located in the parish of Plaquemines.

It is alleged that Shell Pipeline, L.P., Shell Pipeline, LLC, and Shell Oil Company ("Shell") owned, operated, and maintained a pipeline that traversed certain areas of the State of Louisiana. At some point during or after Hurricane Katrina made landfall, this pipeline ruptured.

It is further alleged that Shell, Broussard Brothers, Inc., Alford Services, Inc., Hotwork I, LLC, Rose Towing Services, Inc., ABC Towing Company, and XYZ Towing Company negligently conducted repair operations to the ruptured pipeline and clean up operations of the crude oil/petroleum hydrocarbon spill that resulted, allegedly damaging portions of Claimants' interests. The M/V Hotwork, owned and operated by Complainants Alford Services and Hotwork I, LLC (collectively, "Alford"), was a vessel that crossed Claimants' leases, allegedly causing part of the damage.

Claimants made claims against Alford in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, for the damage to their oyster leases. Alford then filed in

federal court a cause of exoneration from or limitation of liability, civil and maritime, within the meaning of 46 U.S.C. 30505, et seq. (formerly 46 U.S.C. 183, et seq.), Rule 9(h), and Supplemental Rule F(9).  Alford alleges that the value of the M/V Hotwork at the time of the accident, including its gear, engines, equipment, etc., did not exceed $340,000.00.

As a result of this filing, this Court entered a stay of proceedings and an injunction prohibiting the further prosecution of any action against Alford as owner of the M/V Hotwork.

Claimants then filed their claim in limitation in the federal action.  Soon thereafter, Claimants filed the instant motion to lift the stay of the limitation of liability.  Prior to the hearing of this motion, the limitation action was consolidated with a related case currently pending before the Court asserted by Claimants and others against Shell.

## Discussion

**Arguments of the Parties:**

Claimants state that this Court's stay restrains them from any further prosecution of their state court suits, which, according to Claimants, involve issues of state law regarding property damage.  In support of their motion to life the stay of limitation of liability and to administratively stay the limitation of liability suit, Claimants cite <u>In re Two "R"</u>

Drilling Co., Inc. 943 F.2d 576, 578 (5th Cir. 1991). In that case, the Fifth Circuit held that "[w]here the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability, the district court should lift any stay against the state proceeding." Id. at 548.

As such, Claimants submit Proposed Stipulations so that they may proceed with the prosecution of the aforementioned state court suits. Claimants state that their Proposed Stipulations strictly comply with those approved by the Fifth Circuit in In re Two "R" Drilling. Id.

Claimants also cite In re: Terra Applied Technologies for the proposition that they are not required to stipulate to exclusive federal jurisdiction over Alford's claim of exoneration from liability in order to obtain a dissolution of the stay and injunction of the state court suits, since exoneration is a liability issue which Congress did not include in the Limitation of Liability Act. 362 F.3d 338, 343 (5th Cir. 2004).

Furthermore, Claimants point out that there are no possible claims for indemnity or contribution which could prohibit a lifting of the stay. Neither Shell, Broussard Brothers, Inc., Rose Towing Services, Inc., ABC Towing Company, nor XYZ Towing Company have filed a claim against Alford for indemnity or contribution, and they have not filed a third-party action

4

against anyone concerning any matter relating to the actions that are the subject of both the state court and federal court actions.  Furthermore, "the mere possibility of such claims [for contribution or indemnity] is not enough to preclude state court adjudication, particularly where the nature of the accident belies the possibility of multiple claims and where no other claims were filed in the district court after it had notified potential claimants to do so."  In the Matter of McCarthy Brothers Company/Clark Bridge, 83 F.3d 821, 831-32 (7th Cir. 1996) (citing Langnes v. Green, 282 U.S. 531, 540 (1931)).

Claimants do stipulate that this Court has exclusive jurisdiction over the limitation action and that they will not seek to enforce a judgment exceeding the vessel's declared value until this Court decides the shipowner's right in the limitation action.  As such, Claimants assert that this Court should lift the stay in this matter and permit the Claimants' state court actions to proceed.

Additionally, Claimants assert that this Court should administratively stay the instant limitation suit in the interest of judicial economy.  Claimants cite In the Matter of Greenhill Petroleum Corp. in support.  No. 94-1290, 1994 WL 561859, at *3 (E.D. La. Oct. 11, 1994).  According to Claimants, Louisiana's discovery rules are so broad that the discovery conducted in the state court action will probably also include evidence relevant

to the limitation action.  Id.

In reply, Alford states that Claimants' Stipulations are deficient in several respects.  First, Alford has issue with the fact that Claimants acknowledge Alford has the right to litigate the issues of limitation, but fail to stipulate that this Court has exclusive jurisdiction.  In re Magnolia Marine Transport Co., Inc., 964 F.2d 1571 (5th Cir. 1992).  Second, Alford asserts that Claimants purport to waive any claim of res judicata, but have neglected to also waive the related defense of issue preclusion with respect to all matters reserved exclusively for determination by the admiralty court.  Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032 (11th Cir. 1996).  Third, Alford acknowledges that Claimants stipulate not to enforce any judgment or recovery "pending the adjudication of the complaint in limitation."  However, according to Alford, the stipulation should be clarified in the event that Alford's limitation is granted.  In that case, Claimants cannot execute or enforce any judgment.  Id. at 1044.

Additionally, Alford asserts that an administrative stay of the limitation suit is not an available remedy under the Limitation of Liability statutes, and moreover, it is not even available under the instant circumstances.  Alford takes issue with the case upon which Claimants rely, In re Greenhill Petroleum Corp., in which a single Claimant filed a claim based

on personal injuries.  No. 94-1290, 1994 WL 561859.  Alford states that the Claimant in that case argued that only in the event that he was awarded a judgment in excess of the value of the vessel would the limitation even be necessary.  In the instant suit, multiple Claimants have asserted claims.  Unless Claimants are willing to stipulate that their damages do not exceed the value of the vessel, which they have not, there is a real possibility that the multiple claims will result in a judgment exceeding the value of the vessel.

Also, according to Alford, because state court suits do not mirror the limitation suit as there are Shell Defendants as well as other Defendants, the discovery will be much broader than just on Alford.  Therefore, there is no reason for judicial economy to delay the proceeding of the limitation.

Finally, Alford contests the fact that Claimants have included Alford as signatories to the Stipulations.  According to Alford, there is no judicial precedent for Alford to be a party to the Stipulations.  As such, Alford objects to and opposes the Stipulations.

In reply to Alford's opposition, Claimants assert that Alford has only opposed the clarity of the language used in the Stipulations.[1]  As such, Claimants provide Revised Stipulations

---

[1] Claimants assert, however, that the original Proposed Stipulations were sufficient.

which address each concern raised by Alford.  Therefore, according to Claimants, since Alford has not alleged that Claimants are not entitled to an order lifting the stay, this Court should grant Claimants' Motion to Lift the Stay of Limitation of Liability.

As to an administrative stay, Claimants state that any activity taken by the parties with regards to limitation of liability is premature until the Claimants have obtained judgment against Alford.  If the Claimants are unsuccessful in state court, the parties do not need to adjudicate the value of Alford's vessel or its limitation of liability.  Therefore, Claimants request that this Court issue an administrative stay of this limitation suit pending the outcome of the state court action.

**Applicable Law:**

A shipowner facing potential liability for a maritime accident may file suit in federal court seeking protection under the Limitation of Liability Act, 46 U.S.C. 30505, et seq. (formerly, 46 U.S.C. 183, et seq.).  This Act allows a shipowner to limit liability for damages arising out of the accident to the value of the vessel and its freight pending at the time of the accident.  In relevant part, the statute provides:

8

> (a) [T]he liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.
>
> (b) Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner.

A federal district court, sitting in admiralty without a jury, has exclusive jurisdiction to determine if the owner is entitled to limit liability to the value of the vessel and its pending freight and any other amounts that are included in the limitation fund. In fact, the Supreme Court recently made clear that only the issue of limitation is reserved exclusively to the federal courts, so that there is concurrent jurisdiction over the issue of the shipowner's exoneration. Accordingly, where a

shipowner's federal complaint demands exoneration as well as limitation of liability, only the issue of limitation falls within the exclusive jurisdiction of the admiralty court. See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438 (2001).

However, there are two situations in which a federal court presiding over a limitation proceeding must lift the stay and allow a state court action to proceed: (1) when the shipowner's declared value of the vessel and its freight exceeds the aggregate amount of the claims against it, Lake Tankers Corp. v. Henn, 354 U.S. 147 (1957); and (2) when all Claimants stipulate that the federal court has exclusive jurisdiction over the limitation proceeding and that they will not seek to enforce a judgment in excess of the value of the ship and its freight until the shipowner's right to limitation has been adjudicated by the federal court, Ex Parte Green, 286 U.S. 437 (1932). See also Odeco Oil and Gas Co. v. Bonnette, 74 F.3d 671, 674 (5th Cir. 1996). What is paramount in both instances is that "allowing the state court action to proceed is contingent on protecting the 'absolute' right of the shipowner to limit liability" in federal court. Odeco, 74 F.3d at 674.

When all Claimants are willing to make the necessary stipulations, the courts are in unison that they made proceed in state court. Furthermore, when dealing with claims of contribution or indemnity, the Fifth Circuit has held that all

Claimants, whether seeking damages in tort or indemnity and contribution from a co-defendant, must sign the appropriate stipulations before a District Court may lift the stay in a limitation proceeding. See <u>In re ADM/Growmark River System, Inc.</u>, 234 F.3d 881 (5th Cir. 2000). Accordingly, in the Fifth Circuit, there is what amounts to a per se rule that all Claimants must sign the stipulations before a district court may lift a stay.

In the instant matter, Claimants' Stipulations comply with the requirements provided in <u>In re Two "R" Drilling Co., Inc.</u>, 943 F.2d 576. In fact, the language of Claimants' Proposed Stipulations precisely traces that of the stipulations in <u>In re Two "R" Drilling Co., Inc</u>. <u>Id.</u> In an abundance of caution, and to assuage the concerns of Alford, Claimants also provided Revised Stipulations which incorporate all suggestions made by Alford. Additionally, there are no possible claims for indemnity or contribution which could prohibit a lifting of the stay.

Therefore, since all Claimants have stipulated that this Court has exclusive jurisdiction over the limitation proceeding and that they will not seek to enforce a judgment in excess of the value of the ship and its freight until the shipowner's right to limitation has been adjudicated by the federal court, the stay of limitation of liability should be lifted.

As to an administrative stay of the limitation action, there

is no mention of such a remedy under the Limitation of Liability statutes.  However, pursuant to judicial trends in the Fifth Circuit, this remedy is available under some circumstances.  For instance, the court in <u>In the Matter of Greenhill Petroleum Corp.</u> did order that the limitation action be administratively stayed for purposes of judicial economy.  No. 94-1290, 1994 WL 561859.  Since the limitation of liability action in that case derived from the single Claimant's personal injury claims in state court, the limitation action might have been mooted depending on the outcome of the state court proceeding.  Similarly, many other Judges of this Court have marked limitation actions statistically closed pending the resolution of state court actions speaking to liability.  See generally <u>In re Chet Morrison Contractors Inc.</u>, No. 02-2081, 2004 WL 137711 (E.D. La. Jan. 21, 2004) (Duval, J.); <u>In re Mister Wayne</u>, 729 F. Supp. 1124 (E.D. La. 1990) (Sear, C.J.).

   However, in <u>Greenhill Petroleum</u> and in nearly all of the cases resulting from a Westlaw search of all Fifth Circuit limitation of liability cases, all cases that were administratively stayed involved single claimants only, single claimants as well as co-defendants against whom contribution or indemnification was sought, or far fewer claimants than currently before this Court.

   Conversely, in the instant case, there are many Claimants

12

involved, and unless Claimants are willing to stipulate that their damages do not exceed the value of the vessel, which they have not, it is unlikely that any judgment awarded would be less than the value of the vessel.  In other words, the possibility that the limitation action will be mooted should a judgment be awarded in state court is slim.

But, if the Claimants are unsuccessful in state court, the parties do not need to adjudicate the value of Alford's vessel or its limitation of liability.  In this sense, an administrative stay of the limitation action is warranted pending the outcome of the state court proceedings.  Accordingly,

**IT IS ORDERED** that Claimants' **Motion to Lift the Stay of Limitation of Liability (Rec. Doc. 48)** should be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned case shall be and hereby is **STAYED.**  Considering the order staying this case pending the outcome of the state court proceedings;

**IT IS FURTHER ORDERED** that the Clerk of Court mark this action closed for statistical purposes; and

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this litigation.

New Orleans, Louisiana this 1st day of October, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE